UNITED STATES DISTRICT COURT
WESTERN DISTRICT of TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MAHAMANE YARO, § <br>    A73-187-361, § <br>        § <br>      Petitioner § <br>        § <br> v. § <br>        § <br> MICHAEL MUKASEY, United States § <br> Attorney General, MICHAEL CHERTOFF, § <br> Secretary of the Department of Homeland § <br> Security, MARC J. MOORE, U.S. ICE § <br> Field Office Director for San Antonio, Texas § <br> Field Office, and WARDEN of Karnes § <br> Correctional Center, § <br>      Respondents § | Civil Action <br> No. SA-08-CA-593-XR (NN) |

**U.S. MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION**

**To: The Honorable Xavier Rodriguez, U.S. District Judge**

Before the Court are Petitioner Mahamane Yaro's 28 U.S.C. § 2241 Habeas Corpus Petition (Docket Entry No. 3) challenging his detention awaiting removal and Respondents' Motion to Dismiss (Docket Entry No. 10). This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1).

**I. Statement of the Case**

Petitioner is a national and citizen of Mali who was admitted to the United States on October 26, 1991, as a nonimmigrant (B-2 visa) with authorization to remain in the United States for a temporary period not to exceed April 25, 1992. On August 3, 2004, the Department of Homeland Security issued a Notice to Appear charging Petitioner as being removable for remaining in the United States longer than permitted. The Immigration Judge granted Petitioner's application for voluntary departure with an alternate order of removal, and Petitioner had until June 16, 2005, to voluntarily depart. Petitioner did not voluntarily depart. On October 30, 2007, Petitioner was

apprehended at his residence in New York and detained pursuant to a warrant of removal. Petitioner was transferred to the South Texas Detention Center on November 28, 2007. He is now detained at the Karnes City Correctional Center and is waiting removal.

According to records attached to Respondents' Motion to Dismiss, Petitioner provided an expired passport and identification card proving he is a citizen and national of Mali. A travel document request was sent to the Embassy of Mali on behalf of Petitioner on November 13, 2007, along with a money order as requested by the consulate. On December 4, 2007, another travel document request was sent to the Embassy of Mali with the required travel document application. On January 15, 2008, a request for assistance in obtaining a travel document for Petitioner was submitted to Immigration and Customs Enforcement (ICE) headquarters. On that same date, another travel document request was sent to the Embassy of Mali.

A January 24, 2008, reviewing officer's report recommended Petitioner's continued detention, based on the foregoing information concerning requests for travel documents from Mali, and the existence of an expired passport and a valid identification card issued by Mali. The report further observed that since Petitioner has a valid identification card and expired passport, a travel document was foreseeable in the near future. The report also noted that Petitioner's history of failing to adhere to immigration requirements made him a flight risk.

On January 29, 2008, three months after Petitioner's detention pending removal began, ICE issued a Decision to Continue Detention. The Decision stated the expired passport and the identification card have been valuable in ICE's attempt to obtain a travel document for Petitioner and that the procurement of a travel document to effect Petitioner's removal was likely in the foreseeable future. The Decision informed Petitioner he was considered a flight risk because he failed to depart when his B-2 visa expired and because he did not comply with voluntary departure. For those

reasons, Petitioner remained in custody.

On March 3, 2008, ICE again requested a travel document from Mali. On August 11, 2008, a representative from the Malian Embassy in Washington, D.C. corresponded with ICE, giving an update on the status of the request for a travel document. The Malian representative stated the request has been forwarded to Malian authorities for investigation and decision. The representative could not provide a time frame for the issuance of a travel document, noting it could take months. The representative assured ICE that a travel document would be issued as soon as Malian authorities gave the Embassy authorization to do so and that the Embassy of Mali would cooperate with ICE in the matter.

Subsequently, ICE issued another Decision to Continue Detention on August 26, 2008, based on a review of Petitioner's file. The Decision noted ICE was working with the Malian government to secure a travel document for Petitioner.

Petitioner filed the present § 2241 Petition contending his continued detention is unlawful under *Zadvydas v. Davis*, 533 U.S. 678 (2001).

## II. Analysis

In *Zadvydas v. Davis,* the United States Supreme Court considered whether 8 U.S.C. § 1231(a)(6) permits indefinite detention. Reading the statute in light of the Constitution's demands, the Court held the statute implicitly limits ICE's detention of an alien to a period reasonably necessary to bring about that alien's removal from the United States and does not permit indefinite detention. *Id*. at 696-99. The Court recognized six months as a presumptively reasonable period of time to allow the government to accomplish an alien's removal, but noted that the presumption

> does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Id*. at 701.

The Court created a burden-shifting scheme for establishing whether continued detention beyond six months is reasonable. *Id*. Under the scheme, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id*. However, "for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id*. The Supreme Court provided guidance for the habeas courts by explaining that:

> Whether a set of particular circumstances amounts to detention within, or beyond, a period reasonably necessary to secure removal is determinative of whether the detention is, or is not, pursuant to statutory authority. The basic federal habeas corpus statute grants the federal courts authority to answer that question. . . . In answering that basic question, the habeas court must ask whether the detention in question exceeds a period reasonably necessary to secure removal. It should measure reasonableness primarily in terms of the statute's basic purpose, namely, assuring the alien's presence at the moment of removal. Thus, if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute. In that case, of course, the alien's release may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances.

*Id*. at 699-700. The Court observed that detention to prevent flight is a weak or non-existent justification where removal is a remote possibility at best. *Id*. at 690.

In the present case, Petitioner has been detained for one year while waiting to be removed. Petitioner supplied Respondents with an expired Malian passport and a valid Malian identification card. Respondents are working with the Embassy of Mali to obtain a travel document for Petitioner, and Respondents and Petitioner are waiting for Malian authorities to give clearance for the issuance of a travel document. The Embassy of Mali has acknowledged receipt of these key documents and explained that their investigation and decision can take months. While the time to effectuate removal is still uncertain, the process is progressing. Mali has not refused to issue travel documents

or failed to respond to ICE correspondence. The evidence fails to show that there is not a "significant likelihood of Petitioner's removal in the reasonably foreseeable future."[1]

For the foregoing reasons, I recommend that the Court conclude that Petitioner is not entitled to habeas corpus relief and grant the respondent's motion to dismiss (docket entry 10).

### IV. RECOMMENDATION:

Respondent's Motion to Dismiss should be **GRANTED**; Petitioner Yaro's § 2241 Petition should be **DENIED**; and this case should be **DISMISSED**.

### Instructions for Service and Objections:

The United States District Clerk shall serve a copy of this Report and Recommendation on all parties who have entered an appearance, by either (1) electronic transmittal to all parties represented by attorneys registered as a "Filing User" with the Clerk of Court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.

Pursuant to 28 U.S.C. § 636(b)(1) any party who desires to object to this Report and Recommendation must file with the Clerk of this Court and serve the Magistrate Judge and all parties with written objections to the findings and recommendation included above within ten (10) days after being served with a copy of this Report and Recommendation. *See United States v. Wilson*, 864 F. 2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918 (1989). A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the District Court need not consider frivolous, conclusive or general objections. *Failure to file written objections to the proposed findings,*

---

[1] In *Haidara v. Mule*, 2008 WL 2483281 (W.D.N.Y. July 17, 2008), the court denied habeas relief after reviewing evidence that DHS had successfully repatriated 28 aliens to Mali in fiscal year 2004, 22 in 2005 and 15 in 2006, and therefore concluding that there was an established track record of obtaining travel documents from Mali for removal of its citizens.

*conclusions, and recommendations contained in this report within ten (10) days after being served with a copy, shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Judge, except for plain error. See Douglass v. United Servs. Auto. Ass'n*, 79 F. 3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED on October 30, 2008.**

_____
**NANCY STEIN NOWAK**
**UNITED STATES MAGISTRATE JUDGE**